**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL RAY HOWARD,

Defendant-Appellant.

No. 09-4143
(D.C. No. 1:08-CR-00045-DB-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Michael Ray Howard entered a conditional guilty plea to possessing, with

intent to distribute, more than fifty grams of methamphetamine in violation of

21 U.S.C. § 841(a)(1), in which he preserved his right to appeal the denial of his

motion to suppress evidence. On appeal, Mr. Howard argues the district court

erred in denying his motion to suppress because the affidavit in support of the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

warrant did not establish probable cause to search his vehicle. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

On March 12, 2008, Officer Mike Tribe of the North Ogden Police Department applied for a search warrant to search the premises at 462 Doxey Street and to search a 1988 Dodge Ram Charger that was parked at the curb in front of the Doxey Street address. Attached to the warrant application was a supporting affidavit. Based upon the information contained in the affidavit, Judge Patrick Lambert of the Second District Court in Weber County, Utah authorized the search. Officer Tribe executed the search warrant and located several items of drug paraphernalia inside the residence and 164 grams of methamphetamine in the car. Mr. Howard was subsequently indicted on federal drug charges. Prior to trial, he moved to suppress the evidence of the methamphetamine obtained from his vehicle. The district court denied the motion, finding that the totality of the evidence was sufficient to establish probable cause to search Mr. Howard's vehicle. Alternatively, the district court concluded that, even if the search warrant was ultimately found to be lacking in probable cause, the evidence would not be suppressed because the police were entitled to the good-faith exception to the exclusionary rule. Mr. Howard then entered into a conditional guilty plea, which preserved his right to appeal from the denial of his motion to suppress. This appeal followed.

Discussion

"In reviewing the denial of a motion to suppress, this court considers the totality of the circumstances and views the evidence in the light most favorable to the government. We accept the district court's factual findings unless they are clearly erroneous, although the ultimate determination of reasonableness under the Fourth Amendment is reviewed de novo." *United States v. Colonna*, 360 F.3d 1169, 1173 (10th Cir. 2004) (citation omitted). Mr. Howard argues that Officer Tribe's affidavit did not establish probable cause to search his vehicle because there was not a sufficient nexus between the suspected drug activity and the vehicle.

In order to issue a search warrant, a magistrate judge must determine that probable cause exists to support the search. *United States v. Roach*, 582 F.3d 1192, 1200 (10th Cir. 2009), *cert. denied*, 78 U.S.L.W. 3417 (U.S. Jan. 19, 2010) (No. 09-8010).

> An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place. The affidavit must show a nexus between [the] suspected criminal activity and the place to be searched . . . . Searches conducted pursuant to a warrant are favored, and, as such, the [magistrate judge's] determination that probable cause exists is entitled to great deference.

*Id.* (quotations omitted). On review, this court will "revers[e] only if the affidavit supporting the warrant application provides no substantial basis for concluding

-3-

that probable cause existed." *Id*. (quotation omitted). A review of the totality of the evidence in the light most favorable to the government reveals that Officer Tribe's affidavit provided sufficient information to establish probable cause to search the Dodge Ram Charger.

The affidavit detailed events occurring between September 8, 2007, and March 12, 2008, which revealed that Mr. Howard and his live-in girlfriend, Melinda Davis, were involved with methamphetamine and other illegal drugs. In September 2007, Ms. Davis was stopped in her car near the apartment she shared with Mr. Howard at 4041 Palmer Drive. She had two baggies of suspected marijuana, thirteen red baggies commonly used for packaging illegal drugs, a digital scale and Oxycodone. In November 2007, the police were alerted about increasing drug activity at 4041 Palmer Drive. While executing a search warrant for Apartment A at 4041 Palmer Drive, the resident of that apartment told the police they should check into the activities occurring in Apartment B—the apartment shared by Mr. Howard and Ms. Davis. The police then ran criminal history checks on Mr. Howard and Ms. Davis and learned that both had been previously arrested on drug charges.

That same month, Ms. Davis drove Mr. Howard's Dodge Ram Charger to a parking lot adjacent to their Palmer Drive residence for a drug deal. Police apprehended the buyer and he informed police that he was planning on purchasing a quarter ounce of methamphetamine from Ms. Davis, but the deal fell through so

he was going to purchase marijuana instead. Police received information from a confidential informant that Ms. Davis was Mr. Howard's live-in girlfriend and that they lived at 4041 Palmer Drive, Apartment B. Police confirmed that Mr. Howard was the registered owner of the Dodge Ram Charger and during surveillance of 4041 Palmer Drive, Officer Tribe observed the Dodge Ram Charger parked in front of the residence.

On January 17, 2008, Officer Tribe executed a search warrant for 4041 Palmer Drive, Apartment B. The police seized methamphetamine, marijuana, a methamphetamine pipe, and syringes, all of which Mr. Howard later admitted were his. After the January 2008 search, Officer Tribe learned from an unidentified source that he had missed a portion of Mr. Howard's methamphetamine that was hidden in the engine compartment of the Dodge Ram Charger. On March 11, Officer Tribe received information from an informant that Mr. Howard had moved from the 4041 Palmer Drive apartment to 462 Doxey Street, and he was selling a pound of methamphetamine a week. The next day, the same informant notified the police that Mr. Howard was going to receive a large quantity of methamphetamine that day.

That night, the police conducted surveillance on 462 Doxey Street. When they saw Mr. Howard outside of the residence, they took him into custody on an outstanding state warrant. At the time of his arrest, Mr. Howard was in possession of a bag of methamphetamine and a methamphetamine pipe, as well as

three pills he stated were Lortab, a prescription narcotic. Mr. Howard told Officer Tribe that he had been kicked out of his Palmer Drive apartment and had just recently moved to Doxey Street. He also admitted that he had drug paraphernalia inside his Doxey Street home. Upon receiving this information, Officer Tribe obtained a search warrant for both Mr. Howard's residence and his vehicle.

Mr. Howard contends that the affidavit contains only three facts connecting the Dodge Ram Charger to his drug activity: (1) the Ram Charger was observed in a drug transaction that occurred in a parking lot near his Palmer Drive apartment; (2) the Ram Charger was registered to him and was observed parked in front of his Palmer Drive residence; and (3) after the execution of the January search warrant, Officer Tribe learned from an anonymous source that he had missed methamphetamine that was hidden in the engine compartment of the Ram Charger. Mr. Howard then attacks each fact individually for not establishing probable cause. But "[i]n assessing whether the warrant was based on probable cause, we do not view each supporting fact or episode in isolation." *United States v. Cantu*, 405 F.3d 1173, 1177 (10th Cir. 2005). "While one fact alone may not support a finding of probable cause, a cumulative assessment may indeed lead to that conclusion." *Id.* The three facts Mr. Howard identifies, considered together with the rest of the information in the affidavit supported a finding of probable cause to search his vehicle.

"[M]agistrate judges may draw their own reasonable conclusions, based on the . . . affidavit and the practical considerations of everyday life, as to the likelihood that certain evidence will be found at a particular place." *United States v. Biglow*, 562 F.3d 1272, 1280 (10th Cir. 2009) (quotation omitted). Allowing normal inferences about the location of evidence "to establish a Fourth Amendment nexus is appropriate because probable cause is a matter of probabilities and common sense conclusions, not certainties." *Id*. (quotation omitted). The magistrate judge could infer that drugs or drug paraphernalia would be found in Mr. Howard's vehicle based on Mr. Howard's past drug-related conduct, the use of his vehicle in a previous drug transaction, the fact that he had just recently moved to the Doxey Street address, the information that the police had missed drugs that were hidden in his car during the earlier search, the information that he was expecting a large shipment of drugs, his possession of drugs and paraphernalia when he was arrested, and his admission during his arrest that additional drug paraphernalia was in his house. For example, one could infer that a person who had recently moved from a home containing methamphetamine and paraphernalia to a new home, and who that very day had methamphetamine and paraphernalia on his person and admitted that he had additional paraphernalia in his new home, would also have drugs or paraphernalia in his vehicle. In addition, one could infer that a person expecting a large shipment of drugs would use his vehicle to transport those drugs. Accordingly, viewing the totality of the

evidence in the light most favorable to the government, we conclude that the

affidavit established probable cause to search Mr. Howard's vehicle.[1]

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1] Based on this conclusion, we need not reach the district court's alternative holding regarding the applicability of the good-faith exception to the exclusionary rule.